UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT KALANI,

                                NO. CIV. S-12-160 LKK/JFM

       Plaintiff,

    v.

AGM PARTNERSHIP LP and
RICHARD ALLEN CHERNEY dba
MAIN STREET CAFE,

       Defendants.

_____/

**STATUS (PRETRIAL SCHEDULING) CONFERENCE**

    READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

    Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in chambers on April 9, 2012.  Tanya E. Moore appeared telephonically as counsel for plaintiff; Cris C. Vaughan

1

1    appeared telephonically as counsel for defendants.  After hearing,
2    the court makes the following findings and orders:

3    **SERVICE OF PROCESS**

4    All parties defendant have been served and no further service
5    is permitted except with leave of court, good cause having been
6    shown.

7    **JOINDER OF PARTIES/AMENDMENTS**

8    No further joinder of parties or amendments to pleadings is
9    permitted except with leave of court, good cause having been shown.
10   See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir.
11   1992).

12   **JURISDICTION/VENUE**

13   Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1342 and
14   1367 is undisputed and is hereby found to be proper, as is venue.

15   **MOTION HEARING SCHEDULES**

16   All law and motion except as to discovery is left open, save
17   and except that it shall be conducted so as to be completed by
18   October 15, 2013.  The word "completed" in this context means that
19   all law and motion matters must be **heard** by the above date.
20   Because this date is not necessarily a date previously set aside
21   for law and motion hearings, it is incumbent upon counsel to
22   contact this court's courtroom deputy, Ana Rivas at (916) 930-4133,
23   sufficiently in advance so as to ascertain the dates upon which law
24   and motion will be heard and to properly notice its motion for
25   hearing before that date.  Counsel are cautioned to refer to Local
26   Rule 230 regarding the requirements for noticing such motions on

the court's regularly scheduled law and motion calendar. **Opposition or statement of non-opposition to all motions shall be filed not later than 4:30 p.m. fourteen (14) days preceding the hearing date, or by proof of service by mail not less than seventeen (17) days preceding the hearing date.** This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

At the time of filing a motion, opposition, or reply, counsel are directed to email a copy in word processing format to lkk-pleadings@caed.uscourts.gov.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth supra.

**Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to thirty (30) pages, and reply memoranda are limited to fifteen (15) pages. The parties are also cautioned against filing multiple briefs to**

1   **circumvent this rule.**

2       Where the parties bring motions for summary judgment, the

3   court will deem facts which are apparently undisputed as undisputed

4   under Fed. R. Civ. P. 56(d), unless specifically reserved and that

5   party tenders evidence to support the reservation.

6       <u>ALL</u> PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL

7   MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL ORDINARILY BE

8   VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.   COUNSEL ARE CAUTIONED

9   THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT

10  BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND

11  MOTION CUTOFF, FOR INSTANCE WHERE THE ISSUE IS JURISDICTION,

12  SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAIL TO

13  TIMELY FILE AN APPROPRIATE MOTION.

14      Counsel are further reminded that motions in limine are

15  procedural devices designed to address the admissibility of

16  evidence.   COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH

17  DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS

18  IN LIMINE  AT THE TIME OF TRIAL.

19      **<u>DISCOVERY</u>**

20      No modifications of the discovery requirements found in the

21  Federal Rules is ordered.

22      All discovery is left open, save and except that it shall be

23  so conducted as to be <u>completed</u> by August 15, 2013.   The word

24  "completed" means that all discovery shall have been conducted so

25  that all depositions have been taken and any disputes relative to

26  discovery shall have been resolved by appropriate order if

                                    4

1  necessary and, where discovery has been ordered, the order has been
2  complied with.  Motions to compel discovery must be noticed on the
3  magistrate judge's calendar in accordance with the local rules of
4  this court and so that such motions will be heard not later than
5  July 15, 2013.   In this regard, all counsel are to designate in
6  writing and file with the court and serve upon all other parties a
7  final list of the names of all experts that they propose to tender
8  at trial not later than sixty (60) days before the close of
9  discovery herein established.   At the time of designation, all
10 experts shall submit a written report.  The contents of the report
11 must comply with Federal Rule of Civil Procedure 26 (A)(2)(b).  All
12 experts so designated are to be fully prepared to render an
13 informed opinion at the time of <u>designation</u> so that they may fully
14 participate in any deposition taken by the opposing party.  Experts
15 will not be permitted to testify at the trial as to any information
16 gathered or evaluated, or opinion formed, after deposition taken
17 subsequent to designation.

18      An expert witness not appearing on said lists will not be
19 permitted to testify unless the party offering the witness
20 demonstrates:  (a) that the necessity of the witness could not have
21 been reasonably anticipated at the time the lists were exchanged;
22 (b) the court and opposing counsel were promptly notified upon
23 discovery of the witness; and (c) that the witness was promptly
24 proffered for deposition.

25      **MID-LITIGATION STATEMENTS**

26      Not later than fourteen (14) days prior to the close of

5

1    discovery, all parties shall file with the court and serve on all

2    other parties a brief statement summarizing all law and motion

3    practice heard by the court as of the date of the filing of the

4    statement, whether the court has disposed of the motion at the time

5    the statement is filed and served, and the likelihood that any

6    further motions will be noticed prior to the close of law and

7    motion.  The filing of this statement shall not relieve the parties

8    or counsel of their obligation to timely notice all appropriate

9    motions as set forth above.

10        **FINAL PRETRIAL CONFERENCE**

11        The Final Pretrial Conference is **SET** for January 13, 2014, at

12   1:30 p.m.  Counsel are cautioned that counsel appearing for

13   Pretrial will in fact try the matter.

14        Counsel for all parties are to be fully prepared for trial at

15   the time of the Pretrial Conference, with no matters remaining to

16   be accomplished except production of witnesses for oral testimony.

17   Counsel are referred to Local Rules 280 and 281 relating to the

18   contents of and time for filing Pretrial Statements.  In addition

19   to those subjects listed in Local Rule 281(b), the parties are to

20   provide the court with a plain, concise statement which identifies

21   every non-discovery motion tendered to the court, and its

22   resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 280 AND 281 WILL

23   BE GROUNDS FOR SANCTIONS.

24        The parties shall file Separate Pretrial Statements, the

25   contents and timing of which are set forth in Local Rule 281,

26   except that the parties are to prepare a <u>JOINT STATEMENT</u> with

1  respect to the undisputed facts and disputed factual issues of the
2  case.   See Local Rule 281(b)(3), (4), and (6).   The parties are
3  reminded  to  include  in  their  joint  statement  all  disputed  and
4  undisputed special factual information as required by Local Rule
5  281(b)(6).

6      The undisputed facts and disputed factual issues are to be set
7  forth in two separate sections.   In each section, the parties
8  should identify first the general facts relevant to all causes of
9  action.   After identifying the general facts, the parties should
10 then identify those facts which are relevant to each separate cause
11 of  action.    In  this  regard,  the  parties  are  to  number  each
12 individual fact or factual issue.   Where the parties are unable to
13 agree as to what factual issues are properly before the court for
14 trial, they should nevertheless list in the section on "DISPUTED
15 FACTUAL  ISSUES"  all  issues  asserted  by  any  of  the  parties  and
16 explain by parenthetical the controversy concerning each issue.
17 Each individual disputed fact or factual issue shall include the
18 following introductory language:   "Whether or not . . . ."   The
19 parties  should  keep  in  mind  that,  in  general,  each  fact  should
20 relate or correspond to an element of the relevant cause of action.
21 Notwithstanding  the  provisions  of  Local  Rule  281,  the  Joint
22 Statement of Undisputed Facts and Disputed Factual Issues is to be
23 filed with the court concurrently with the filing of plaintiff's
24 Pretrial Statement.   If the case is tried to a jury, the undisputed
25 facts will be read to the jury.

26      Pursuant to Local Rule 281(b)(10) and (11), the parties are

required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall <u>not</u> be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order. Plaintiff's exhibits shall be listed **<u>numerically</u>**; defendant's exhibits shall be listed **<u>alphabetically</u>**. In the event that the alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z, 3A-3Z, etc." The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

Pursuant to Local Rule 281(b)(12), a party is required to provide a list of all answers to interrogatories and responses to requests for admission that the party expects to offer at trial. This list should include only those documents or portions thereof which the party expects to offer in its case-in-chief. Unless otherwise barred by a rule of evidence or order of this court, the parties remain free to tender appropriate discovery documents during trial for such purposes as, but not limited to, impeachment or memory refreshment.

Pursuant to Local Rule 281(b)(8), the parties' Pretrial Statements shall contain a "statement of legal theory, etc." Each party shall commence this section by specifying as to each claim

1  whether federal or state law governs, and if state law, the state

2  whose law is applicable.

3      Counsel are also reminded that, pursuant to Fed. R. Civ. P.

4  16, it will be their duty at the Pretrial Conference to aid the

5  court in (a) formulation and simplification of issues and the

6  elimination of frivolous claims or defenses; (b) settling of facts

7  which should be properly admitted; and (c) the avoidance of

8  unnecessary proof and cumulative evidence.  Counsel must prepare

9  their Pretrial Statements, and participate in good faith at the

10 Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO

11 MAY RESULT IN THE IMPOSITION of SANCTIONS which may include

12 monetary sanctions, orders precluding proof, eliminations of claims

13 or defenses, or such other sanctions as the court deems

14 appropriate.

15     **TRIAL SETTING**

16     Trial is **SET** for April 15, 2014, at 10:30 a.m.  Trial will be

17 by jury.  The parties represent in good faith that the trial will

18 take approximately five (5) days.

19     **SETTLEMENT CONFERENCE**

20     A Settlement Conference will be set before a judge other than

21 the trial judge at the time of the Pretrial Conference.

22     Counsel are cautioned to have a principal capable of

23 disposition present at the Settlement Conference or to be fully

24 authorized to settle the matter on any terms and at the Settlement

25 Conference.

26 ////

1    **MISCELLANEOUS PROVISIONS**

2         The parties are reminded that pursuant to Fed. R. Civ. P.

3    16(b), the Status (pretrial scheduling) Order **shall not be modified**

4    **except by leave of court upon a showing of good cause.** Counsel are

5    cautioned that changes to any of the scheduled dates will

6    necessarily result in changes to all other dates.  Thus, even where

7    good cause has been shown, the court will not grant a request to

8    change the discovery cutoff date without modifying the pretrial and

9    trial dates.

10        **Agreement by the parties pursuant to stipulation does not**

11   **constitute good cause.  Nor does the unavailability of witnesses or**

12   **counsel, except in extraordinary circumstances, constitute good**

13   **cause.**

14        The parties are reminded of their continuing obligation to

15   supplement their statements relative to the identification of

16   parent corporations and any publicly held company that owns 10% or

17   more of the party's stock within a reasonable time of any change in

18   the information.

19        The parties are admonished that they are not to cite or refer

20   to any of the quotations inscribed in the pavers on the front plaza

21   of the United States Courthouse in any written or oral presentation

22   to the court or a jury.

23        There appear to be no other matters presently pending before

24   the court that will aid the just and expeditious disposition of

25   this matter.

26   ////

1    IT IS SO ORDERED.

2    DATED:   April 10, 2012.

     LAWRENCE K. KARLTON
3    SENIOR JUDGE
     UNITED STATES DISTRICT COURT